UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| LATASHA SHERMAN | CIV. ACTION NO. 5:22-01481 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TERRI ANDERSON-SCOTT, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 17] filed by Defendants Terri Anderson-Scott and Acadiana Legal Service Corporation d/b/a Legal Aid Of North Louisiana ("Legal Aid"). The motion is opposed. [doc. 32].

For reasons assigned below, it is recommended that the motion to remand be GRANTED.

### Background

On May 13, 2022, Plaintiff Latasha Sherman ("Sherman") filed suit against Defendants in Louisiana's First Judicial District Court in Caddo Parish. [doc. #1-2, pp. 18-20.]

On June 2, 2022, however, Sherman filed a Notice of Removal of her lawsuit to this Court. [doc. #1].

On June 14, 2022, Defendants filed a motion to dismiss pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6). [doc. #7.] In the alternative, on July 1, 2022, Defendants filed the instant motion to remand.

On July 26, 2022, Sherman filed an opposition memorandum. [doc. 32].

### Law and Analysis

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed **by the defendant or the defendants,** to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

In this case, however, it was Sherman, the Plaintiff, who removed her own case to this Court. Such is not permitted. The plain language of the statute is clear: only a defendant or defendants may remove an action to federal court. *See Chi., R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) ("Here the railroad is the plaintiff under 28 U.S.C. § 1441(a), . . . and cannot remove. The remand was proper."); *Brooks v. State of Tex.*, 14 F.3d 55, 1994 WL 14197, at *1 (5th Cir. Jan. 7, 1994) (quoting *McKenzie v. U.S.*, 678 F.2d 571, 574 (5th Cir. 1982)) ("'Only a defendant, never a plaintiff, may remove a civil action from state to federal court.'").

## Conclusion

For the above-assigned reasons,

**IT IS RECOMMENDED** that Defendants' Motion to Remand be **GRANTED**, and this matter be **REMANDED** to the First Judicial District, Parish of Caddo, State of Louisiana, for all further proceedings.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 26th day of July, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE